**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 16-335** |
| | : | |
| **JEFFREY ROPER** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                              **March 15, 2021**

     Jeffrey Roper possessed almost 43,000 images of child pornography downloaded from internet sites onto several of his electronic devices.  He established credibility in acquiring child pornography by touting he sexually molested and photographed his daughter from her infancy until she left the home and sexually molested his son as well.  He pled guilty. We sentenced him to ten years of incarceration followed by twenty-five years of supervised release.  Now fifty-one-years-old, he fears COVID-19 and seeks compassionate release with a little less than five years remaining in custody. He is obese and suffers from hypertension and related illnesses.  There is no dispute the Bureau of Prisons is adequately treating his conditions.  The Bureau of Prisons also provided him the first of two COVID-19 vaccination shots approximately seventy days ago. He offers no basis for us to find the Bureau of Prisons did not offer him the second vaccination a few weeks later.   He still argues risk for COVID-19 warrants release given his medical condition.  But Congress requires we find, among other things, extraordinary and compelling reasons for release and he presents no danger to the community upon release. We find no extraordinary and compelling reason based on his generalized fear of contracting COVID-19. Especially after inoculation.  We also cannot release Mr. Roper because he presents a danger to the community.  We deny his motion for compassionate release.

I.      **Facts**

Jeffrey Roper pled guilty to possessing and distributing child pornography for several years as a man in his forties.  Mr. Roper admitted possessing nearly 43,000 images and videos depicting the assault of vulnerable minors, including videos and images depicting sadomasochistic assault, videos and images depicting the assault of infants and toddlers, and images he doctored to incorporate the faces of children with whom he had a personal relationship. He had no criminal history before his guilty plea.

We sentenced Mr. Roper to 120-months' incarceration followed by twenty-five years supervised release.  Mr. Roper has served around four years of his ten-year sentence at FCC Allenwood Low.  The Bureau of Prisons expects to release him on August 28, 2025. The Bureau of Prisons reports no prison disciplinary infractions.

### *Mr. Roper's health*

Fifty-one-year-old Mr. Roper has a Body Mass Index of 31.3, rendering him obese, and suffers from rheumatoid arthritis, hypertension, high cholesterol, hypothyroidism, and prediabetes.  The Bureau of Prisons treats these conditions at FCC Allenwood Low. His medical records do not reveal complications arising from these conditions.

### *Mr. Roper's present risk of contracting COVID-19 at Allenwood Low*

The Centers for Disease Control and Prevention tells us COVID-19 spreads "mainly through close contact from person to person, including between people who are physically near each other (within about 6 feet)."[1]  "People who are infected but do not show symptoms can also spread the virus to others."[2]  The CDC recommends adopting three preventative measures to slow the virus's spread: (1) "[w]ear a mask to protect yourself and others"; (2) "[s]tay at least 6 feet . . . from others who don't live with you"; and (3) "[a]void crowds."[3]

COVID-19 poses a serious global public health risk. As of March 15, 2021, the Centers for Disease Control and Prevention reported a total of 29,229,162 cases of COVID-19 in the United States with 531,766 total deaths caused by the virus.[4] People of any age with the following conditions are at increased risk of severe illness from COVID-19: cancer; chronic kidney disease; COPD (chronic obstructive pulmonary disease); down syndrome; immunocompromised state (weakened immune system) from solid organ transplant; obesity (body mass index [BMI] of 30 kg/m2 or higher); heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; sickle cell disease; pregnancy; a history of smoking; and Type 2 diabetes mellitus.[5] People of any age with the following conditions *might* be at an increased risk for severe illness from COVID-19: asthma (moderate-to-severe); cerebrovascular disease (affects blood vessels and blood supply to the brain); cystic fibrosis; hypertension or high blood pressure; immunocompromised state (weakened immune system) from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; neurologic conditions, such as dementia; liver disease; pulmonary fibrosis (having damaged or scarred lung tissues); neurologic conditions (like dementia); liver disease; a body mass index greater than 25 kg/m2; pulmonary fibrosis; Thalassemia (a type of blood disorder); and Type 1 diabetes mellitus.[6]

Mindful correctional facilities face unique challenges in controlling the transmission of COVID-19, the CDC has issued guidance to prisons and correctional facilities to help them prevent the spread of COVID-19.[7] Following this guidance, the Bureau of Prisons adopted aggressive safety measures, assuring "maintaining safety and security of [its] institutions is [its] highest priority."[8] As of March 15, 2021, FCI Allenwood Low reports it has two confirmed active COVID-19 cases – both among inmates – in an inmate population of 874.[9] Since the

outbreak began, the Bureau of Prisons has confirmed 315 COVID-19 cases at FCI Allenwood Low having administered tests to 593 inmates.[10]

The Food and Drug Administration authorized three vaccines for Emergency Use in treating COVID-19, including vaccines from Pfizer, Moderna, and Johnson & Johnson.[11] In clinical trials, the Moderna vaccine "showed 94.1% efficacy at preventing COVID-19 illness, including severe disease."[12]

Mr. Roper received his first dose of the Moderna vaccine on January 5, 2021 and has likely received his second dose. Since the vaccines became available, the Bureau of Prisons diligently and efficiently administered the doses allocated to it, leading all jurisdictions and Federal entities in its vaccine utilization rate.[13] To date, the Bureau of Prisons has administered 79,657 vaccines to inmates and staff nationwide. FCC Allenwood, which includes both Allenwood Low and Allenwood Medium, has fully inoculated 368 inmates and 331 staff members.[14]

## II.    Analysis

Mr. Roper moves for compassionate release arguing his health conditions present an extraordinary and compelling reason for release. The United States opposes, arguing Mr. Roper does not present an extraordinary and compelling reason for release because his conditions are mild and manageable and his vaccination and the low infection rate at FCI Allenwood Low substantially reduce his risk of developing severe illness from COVID-19. The United States further emphasizes the seriousness of Mr. Roper's crimes, the percentage of his sentence served, and the danger Mr. Roper presents to the community.

Congress allows us to reduce a sentence through compassionate release if we determine: (1) the incarcerated movant meets administrative exhaustion requirements; (2) "extraordinary

and compelling reasons"[15] warrant a reduction; (3) the reduction would be "consistent with any applicable policy statements issued by the Sentencing Commission," and (4) the applicable sentencing factors under 18 U.S.C. § 3553(a) warrant a reduction.[16] The applicable policy statements issued by the Sentencing Commission urge us to consider whether Mr. Roper would be a danger to the community if released.[17] A petitioner seeking compassionate release has the burden to prove extraordinary and compelling reasons exist.[18]

The United States does not dispute Mr. Roper exhausted his administrative remedies. We now must decide whether Mr. Roper presents extraordinary and compelling reasons for his release, whether he presents a danger to others or his community, and whether the sentencing factors warrant a reduction. After careful consideration of the arguments and sealed medical records, Mr. Roper does not present an extraordinary and compelling reason for release and he presents a danger to the community. As we find him to be a danger to the community, we deny his motion without assessing the sentencing factors individually.

A.      **Mr. Roper does not present extraordinary and compelling reasons for release.**

Mr. Roper moves for compassionate release arguing his hypertension, rheumatoid arthritis, obesity, prediabetes, and hypothyroidism put him at increased risk of developing severe infection from COVID-19. The United States argues Mr. Roper's conditions do not present an extraordinary and compelling reason for release because FCC Allenwood has a low infection rate, the Bureau of Prisons' medical staff is actively treating and successfully managing Mr. Roper's conditions, and, perhaps most importantly, the Bureau provided the first of two vaccination shots several weeks ago and no one suggests delay in the second shot. Mr. Roper does not present an extraordinary and compelling reason for his release.

"[A] prisoner seeking release due to COVID-19 must at least show: (1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held."[19] Our Court of Appeals tells us "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."[20] "'[G]eneralized COVID-19 fears and speculation' are insufficient to warrant release."[21]

The CDC advises Mr. Roper is at increased risk of developing severe illness from COVID-19 due to his hypertension and obesity. But Mr. Roper's inoculation against COVID-19 substantially reduces this risk. FCI Allenwood Low's infection rate reduces this risk even further. The risk posed to an inoculated Mr. Roper is not an extraordinary and compelling reason for his release.[22]

### B.     Releasing Mr. Roper presents a danger to others and the community.

Even assuming Mr. Roper presented extraordinary and compelling reasons for his release, Congress requires we consider whether Mr. Roper presents "a danger to the safety of any other person or to the community" before we reduce a carefully considered sentence. Mr. Roper presents a danger to the community.

In *United States v. Ackerman*, Judge Marston denied compassionate release to a petitioner serving a sentence for receipt, possession, and conspiracy to receive, distribute, and possess child pornography.[23] Judge Marston explained, "if [the petitioner] were released from prison, he could again perpetrate the same crimes" while in home confinement because crimes involving child pornography "do[] not require anything more than access to the internet."[24] While he noted the

petitioner had completed several courses while in prison and demonstrated good behavior, Judge Marston weighed this against the fact the petitioner had only served about half of his sentence."[25]

Similarly in *United States v. Accardi*, Judge Mannion denied compassionate release to a petitioner serving a sentence for receipt and distribution of child pornography because he found the petitioner presented a danger to the community.[26]  Judge Mannion explained, "the underlying conduct of [the petitioner's] instant offense, which involves disturbing criminal conduct involving graphic child pornography, . . . is very severe and clearly demonstrates that he poses a danger to the community." [27]  Judge Mannion further reasoned the petitioner only served one-third of his 180-month sentence, which he did not consider to be "sufficient time to reflect the seriousness of his offense." [28]  While Judge Mannion considered the petitioner's good behavior while in prison, he found this behavior did not outweigh other factors. [29]

Like in *Ackerman* and *Accardi*, Mr. Roper presents a danger to the community.  Like the petitioners in *Ackerman* and *Accardi*, his admitted criminal conduct harmed and exploited vulnerable minors.  His crimes require nothing more than access to the Internet, making it difficult to impose conditions of release capable of ensuring the safety of the community.  While Mr. Roper demonstrated good behavior while incarcerated, he has served only a portion of his ten-year sentence.  Like Judge Marston and Judge Mannion, we do not think the time served is sufficient to reflect the seriousness of his offense.

## III.    Conclusion

We deny Mr. Roper's motion for compassionate release without prejudice because he fails to present extraordinary and compelling reasons for his release and he is a danger to the community.

[1]   Ctrs. for Disease Control and Prevention, *How COVID-19 Spreads*, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html   (last updated Oct. 28, 2020).

[2] *Id.*

[3] Ctrs. for Disease Control and Prevention, *Things to Know About the COVID-19 Pandemic*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/need-to-know.html (last updated Jan. 5, 2021).

[4] Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19)*, *United States COVID-19 Cases and Deaths by State*, https://covid.cdc.gov/covid-data-tracker/#cases_casesper100klast7days (last updated Feb. 24, 2021).

[5] Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Feb. 22, 2021).

[6] *Id.*

[7] Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19)*, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last updated Feb. 18, 2021).

[8]   Bureau of Prisons, *Updates to BOP Covid-19 Action Plan*, https://www.bop.gov/resources/news/20200319_covid19_update.jsp   (last updated Mar. 19, 2020).

[9] Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/ coronavirus/ (last visited Mar. 15, 2021).

[10] Bureau of Prisons, *COVID-19 Inmate Test Information*, https://www.bop.gov/coronavirus/ (last visited Mar. 11, 2021).

[11] Teresa Machemer, *FDA Approves Johnson & Johnson Vaccine*, *Another Valuable Tool Against Covid-19,* Smithsonian Magazine, (Mar. 2, 2021) available at https://www.smithsonianmag.com/smart-news/fda-authorizes-johnson-johnson-vaccine-heres-why-every-covid-19-vaccine-helps-180977122/.

[12] COVE Study Group, *Efficacy and Safety of the mRNA-1273 SARS COV-2* Vaccine, The New England Journal of Medicine, (Dec. 30, 2020) available at https://www.nejm.org/doi/full/10.1056/NEJMoa2035389.

---

[13] United States Dep't of Justice, *Update on COVID-19 Vaccine*, (Jan. 15, 2021) available at
https://www.bop.gov/resources/news/pdfs/20210115_press_release_vaccination.pdf.

[14] Bureau of Prisons, *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/
(last visited Mar. 14, 2020).

[15] Application Note 1 to Section 1B1.13 of the United States Sentencing Guidelines outlines
circumstances constituting "extraordinary and compelling reasons" under which district courts
may reduce a term of imprisonment:

> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced
> illness with an end of life trajectory).  A specific prognosis of life expectancy (*i.e.*,
> a probability of death within a specific time period) is not required.  Examples
> include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-
> stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging
> process,
>
> that substantially diminishes the ability of the defendant to provide self-care
> within the environment of a correctional facility and from which he or she is not
> expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is
> experiencing a serious deterioration in physical or mental health because of the
> aging process; and (iii) has served at least 10 years or 75 percent of his or her
> term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or
> minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the
> defendant would be the only available caregiver for the spouse or registered
> partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons,
> there exists in the defendant's case an extraordinary and compelling reason other

than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, Application Note 1(A)-(D).

[16] 18 U.S.C. § 3582.

[17] *See, e.g., United States v. Rodriguez*, 451 F. Supp. 3d 392, 406 (E.D. Pa. Apr. 1, 2020).

[18] *See, e.g., United States v. Epstein,* No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020) (noting a defendant possesses the burden to establish extraordinary and compelling exist to justify compassionate release).

[19] *United States v. Tartaglione*, No. 15-491, 2020 WL 3969778, at *5 (E.D. Pa. July 14, 2020) (quoting *United States v. Somerville,* No. 12-225, 2020 WL 2781585, at *20 (W.D. Pa. May 29, 2020)).

[20] *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prison's] statutory role, and its extensive and professional efforts to curtail the virus's spread.").

[21] *United States v. Phillips*, No. 09-718, 2020 WL 5076753, at *4 (E.D. Pa. Aug. 27, 2020) (quoting *United States v. Upshur*, No. 18-124-2, 2020 WL 3128026, at *2 (E.D. Pa. June 12, 2020)) (denying compassionate release where the petitioner failed to demonstrate "more than mere speculative risk of exposure").

[22] *United States v. Ulmer*, No. 18-00579-3, 2021 WL 844579 (E.D. Pa. Mar. 5, 2021) (citing vaccination as a basis for denying compassionate release); *United States v. Cortez*, No. 18-00858-01, 2021 WL 689923 (D. Ariz. Feb. 23, 2021) ("The Court cannot conclude, particularly in light of his vaccination, that Defendant's current exposure to COVID-19 presents 'extraordinary and compelling reasons' to justify his release pursuant to 18 U.S.C. § 3582(c)(1)(A)."); *United States v. Ballenger*, No. 16-5535, 2021 WL 308814, at *3 (W.D. Wash. Jan. 29, 2021) ("At this time, because Ballenger has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release."); *United States v. Grummer*, No. 08-4402, 2021 WL 568782 (S.D. Cal. Feb. 16, 2021) (denying compassionate release in light of vaccination).

[23] *United States v. Ackerman*, No. 11-740-1, 2020 WL 507618, at *8 (E.D. Pa. Aug. 25, 2020).

[24] *Id.*

[25] *Id.*

[26] *United States v. Accardi*, No. 3:15-113, 2020 WL 6059740, at *7 (M.D. Pa. Oct. 14, 2020).

[27] *Id.*

[28] *Id.*

[29] *Id.*